# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| **GREGORY O. KIRK, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CAUSE NO.  3:05-CV-383 AS** |
| **v.** ) | |
| ) | |
| **INDIANA DEPARTMENT OF** ) | |
| **CORRECTION WESTVILLE** ) | |
| **CORRECTIONAL CENTER,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

### *OPINION AND ORDER*

Gregory O. Kirk, Sr., a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second,

he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Kirk alleges that the defendants have denied him medical treatment. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. <u>Gutierrez v. Peters</u>, 111 F.3d at 1373.

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837

2

(1994). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).

Mr. Kirk alleges that he previously received monthly injections, but that he is now being prescribed an oral medication. He alleges that he is denied a medical note for a work restriction. He alleges that he was promised a vinyl mattress, but that he still has a regular mattress. Deliberate indifference is a very high standard and the defendants would not be liable under § 1983 even if they were negligent, incompetent, unreasonable, or committing medical malpractice. Liability under § 1983 attaches only where a defendant acts with "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). The facts alleged demonstrate that Mr. Kirk was

3

seen, evaluated and treated by medical staff. Though Mr. Kirk disagrees with his medical treatment and even if that treatment is negligent, incompetent, unreasonable, or an act of malpractice, it does not state a Constitutional claim. Therefore these claims will be dismissed.

Mr. Kirk alleges that he is participating in a drug and alcohol treatment program and that as a part of this program he is housed on the second floor. Work is a part of this program. He alleges that, because he does not have a work restriction, he is ordered to perform work which, because he is disabled, he believes endangers his health and prevents him from climbing stairs to the second floor. Mr. Kirk alleges that he did not know that he would have to work when he signed up for this program and that he never intends to work again. In four months in the program, he has been written up twice for refusing to work. None of this violates the Constitution. As previously discussed, Mr. Kirk's disagreement with his doctor's determination of his work limits does not state a claim. Neither does his misunderstanding as to the requirements of the drug and alcohol treatment program. Work is a part of the program. Given his allegations, it is a bit surprising that he has not been written up more often or expelled from the program. Nevertheless, the program's willingness to indulge Mr. Kirk and its willingness to continue to attempt to treat him does not alter the Constitutional analysis of his complaint. These facts do not state a claim and they will be dismissed.

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**ENTERED: June 30, 2005**

_____ **s/ ALLEN SHARP** _____
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**